**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW MEYER<br>212 Armitage Court<br>Lincoln University, PA 19352<br><br>Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORP.<br>200 N M-63<br>Benton MI 49022<br><br>Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Andrew Meyer ("Plaintiff"), by and through his undersigned counsel, hereby complains as follows against Defendant Whirlpool Corp. ("Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Defendant discriminated against Plaintiff on the basis of his enrollment in the Uniformed Services, and terminated him because of USERRA-qualifying leaves and/or to prevent him from taking further USERRA-qualifying leave, in violation of USERRA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, specifically 38 U.S.C. §4303(4)(A).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 38 U.S.C. §4323(c)(2), venue is properly laid in this judicial district because Defendant maintains a place of business within this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth in the caption.

7. Defendant is a corporation whose headquarters is set forth in the caption, and who does business in Pennsylvania.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. In or around December 2012, Defendant offered Plaintiff the position of Electrical Engineer Lead.

11. On or about March 18, 2013, Plaintiff began working for Defendant at its Michigan-based headquarters.

12. At all times relevant hereto, Plaintiff was a member of the United States Air Force.

13. From in or around April 2015 through June 2015, Plaintiff required a leave of absence from Defendant to serve in the United States Air Force.

14. Throughout his leave of absence, Plaintiff continued to perform work remotely for Defendant.

15. From 2013 through 2016, each performance review provided to Plaintiff identified him as providing "Strong Results" or "Very Strong Results."

16. In or around September 2016, Plaintiff was assigned to a special project under Supervisor John Lanham ("Supervisor Lanham").

17. On or about December 26, 2016, Supervisor Lanham awarded Plaintiff a Whirlpool BRAVO! award for his performance on the special project.

18. Thereafter, in or around early Spring 2017, Supervisor Lanham again praised Plaintiff's performance on a special project, offering him a reward of a front parking space.

19. In or around April 2017, Plaintiff received orders to participate in an active duty assignment from August 21, 2017 through November 26, 2017.

20. Plaintiff immediately notified Defendant's Human Resources department of his need for leave related to same.

21. Plaintiff advised Defendant that he was willing to continue his job duties remotely to assist Defendant.

22. In response, Plaintiff was advised that he would be unable to access Defendant's network and that he could not perform work during his USERRA leave.

23. In or around early August 2017, Plaintiff notified Supervisor Lanham of his upcoming leave of absence to serve in active Air Force Duty.

24. Thereafter, Plaintiff provided Defendant with copies of his deployment orders related to same.

25. In response, Supervisor Lanham asserted that Plaintiff's absence would be a "good cost savings" for Defendant.

26. Thereafter, on or about August 8, 2017, Supervisor Lanham provided Plaintiff with his 2017 Mid-Year Review.

27. Plaintiff's 2017 Mid-Year review asserted that Plaintiff was not meeting target ratings.

28. Prior to receiving his review, Plaintiff had never been notified that he was not meeting targets.

29. In fact, the 2017 Mid-Year review was an inaccurate representation of Plaintiff's performance.

30. From August 21, 2017 until November 17, 2017, Plaintiff was deployed to Air Force duty.

31. On or about November 26, 2017, Plaintiff advised Defendant that he had completed his USERRA qualifying leave and that he was ready to return to work.

32. In response, Plaintiff was advised to contact Human Resources to terminate his leave.

33. Plaintiff contacted Defendant's Human Resources on several occasions between November 26 and November 29, 2017.

34. Plaintiff was unable to make contact with Defendant's Human Resources regarding his return to work until November 29, 2017.

35. On December 4, 2017, Plaintiff was returned to work.

36. Upon returning to work, Plaintiff immediately noticed that his job duties were significantly changed.

37. Specifically, Plaintiff was assigned lower level engineering tasks such as data entry and lab work.

38. On or about December 12, 2017, Plaintiff reported to Defendant's Human Resources that he believed Defendant had violated USERRA mandated pay practices in relation to his deployment.

39. On or about January 3, 2018, Plaintiff filed a complaint with the United States Department of Labor alleging the following USERRA violations:

a. That Defendant had retaliated against him for seeking a USERRA protected leave of absence by providing him with a negative performance review in August 2017;

b. That Defendant failed to re-employ him in a substantially similar position upon his return from a USERRA protected leave; and

c. That Defendant failed to comply with USERRA mandated vacation practices as related to his military leave;

d. That Defendant failed to comply with USERRA mandated retirement plan contribution practices as related to his military leave; and

e. Raising concerns related to Defendant's internal USERRA leave policies and the enforcement of same.

40. On or about January 10, 2018, the United States Department of Labor contacted Defendant and advised Defendant of Plaintiff's complaint.

41. On or about January 30, 2018, Defendant fired Plaintiff.

42. Defendant advised Plaintiff that his termination was due to a "lay-off."

43. In fact, Defendant fired Plaintiff because of his membership in the uniformed services, and/or in retaliation for his USERRA-qualifying leaves, and/or to prevent him from

taking future USERRA-qualifying leaves, and/or in retaliation for his complaints of USERRA violations by Defendant.

44. Given Defendant's representation that Plaintiff was terminated due to a "lay-off," Plaintiff applied for additional open positions with Defendant for which he was qualified.

45. On or about January 31, 2018, Plaintiff was invited to interview for a position at Defendant's offices.

46. On or about February 1, 2018, Plaintiff interviewed for a position at Defendant's offices.

47. During the course of his interview, the interviewer advised Plaintiff that he looked forward to having the Plaintiff on "the team".

48. Thereafter, no contact was made by the Defendant regarding the position that the Plaintiff interviewed for.

49. Defendant's refusal to hire Plaintiff was because of his membership in the uniformed services, and/or in retaliation for his USERRA-qualifying leaves, and/or to prevent him from taking future USERRA-qualifying leaves, and/or in retaliation for his complaints of USERRA violations by Defendant.

50. As a result of Defendant's unlawful action, Plaintiff has suffered harm.

**COUNT I**
**Violations of the Uniformed Services Employment and Reemployment Rights Act**
**(Discrimination in Violation of §4311)**

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. At all times relevant hereto, Plaintiff was an "employee" as defined by the USERRA. 38 U.S.C. §4303(3).

53. At all times relevant hereto, Defendant was an "employer" as defined by the USERRA. 38 U.S.C. §4303(4).

54. Defendant provided Plaintiff with a negative performance review, because of his membership in and/or duty to serve in the United States Air Force.

55. Defendant denied Plaintiff the pay and benefits for which he was entitled during the course of his USERRA qualifying leave because of his membership in and/or duty to serve in the United States Air Force.

56. Defendant fired Plaintiff because of his membership in and/or duty to serve in the United States Air Force.

57. Defendant refused to hire Plaintiff for a position for which he was qualified because of his membership in and/or duty to serve in the United States Air Force.

58. Defendant's conduct interfered with Plaintiff's rights under §4311(a) and §4311(b) and accordingly violated and USERRA, and specifically: §4311(c)(1) and §4311(c)(2).

59. As a direct and proximate result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**COUNT II**
**Violations of the Uniformed Services Employment and Reemployment Rights Act**
**(Violations of §4312 and §4313)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. Under §4312 and §4313 of USERRA, Plaintiff was entitled to reinstatement to his previously held position following his leave to serve in the armed forces.

62. Defendant retaliated against Plaintiff by failing to reemploy him in a substantially similar position following his return from a leave of absence to serve in the armed forces.

63. Defendant retaliated against Plaintiff by firing him for taking leaves of absence to serve in the armed forces.

64. Defendant retaliated against Plaintiff by refusing to hire him because of his previous leaves of absence to serve in the armed forces.

65. As a direct and proximate result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**COUNT III**
**Violations of the Uniformed Services Employment and Reemployment Rights Act**
**(Interference with Rights Guaranteed under §4311, §4312, §4313, §4316)**

66. The foregoing paragraphs are incorporated herein as if set forth in full.

67. Defendant denied Plaintiff retention in employment in violation of USERRA, denied Plaintiff reemployment opportunities, denied Plaintiff his previously held seniority and other rights and benefits of his employment because (1) Plaintiff was a member of the armed services; (2) because Plaintiff required a leave of absence to report to duty to the armed forces; and (3) because Plaintiff requested a USERRA leave.

68. Defendant's conduct in this regard interfered with Plaintiffs' rights under USERRA, and specifically under §§4311, 4312, 4313, and 4316.

69. As a direct and proximate result of Defendant's actions as described above, Defendant violated the USERRA causing Plaintiff to suffer damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of failing to inform employees of their rights under the USERRA;

B. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of denying employees their rights under the USERRA;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and future lost earnings;

D. Plaintiff is to be awarded liquidated damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquidated damages are sought under USERRA);

E. Plaintiff is to be awarded punitive damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

F. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) in an amount to be determined by the Court or trier of fact to be appropriate under the circumstances;

G. Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

H. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

I. Plaintiff's claims are to receive a jury trial.

*(Signature on next page)*

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
1101 Kings Hwy N Ste 402
Cherry Hill, NJ 08034
(856) 685-7420 Phone
(856) 685-7417 Fax
marora@swartz-legal.com

Dated: November 8, 2018